IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

RONALD CUNAGIN, as father and
Next friend of J.C., an infant,

    Plaintiff,

v.                                                       Civil Action No. 3:19-cv-0250

CABELL HUNTINGTON HOSPITAL, INC.
A West Virginia corporation,

    Defendant.

## PLAINTIFF'S MOTION TO EXCLUDE OR STRIKE DEFENDANT'S PUTATIVE EXPERT WITNESS RICHARD S. KAPLAN, M.D.

On February 10, 2021 defendant, Cabell Huntington Hospital ("CHH"), by Certificate of Service [DOC 142] provided counsel for Plaintiff the following expert disclosure received sometime during the following week by email:

> "…the following expert witness disclosures for expert witnesses expected to testify at trial:
>
> **1. Richard C. Kaplan, M.D., CLCP**
> CV attached as Exhibit A
> Fee Schedule attached as Exhibit B"

This incomplete and terminally tardy disclosure unilaterally amends this Court's current Scheduling Order by a Defendant that claims through its expensive advertising campaigns, to be a responsible institutional citizen of this state. It is yet another example of Defendant's deliberate failure to comply with the rules and a violation of the authority of this Court to modify its Scheduling Order.

1

Past examples of habitual rule breaking by Defendant include the following: Defendant intentionally destroying the video evidence concerning the identity of the perpetrator of the non-accidental trauma of multiple fractures to the infant J.C.; Defendant failing to conduct an investigation to identify the perpetrator of the multiple fractures of the infant J.C., and as a result of these fractures, the perpetrator remains "unknown"; Defendant failed to comply with the statutory mandate of reporting this crime of child abuse to local law enforcement who are trained and experienced in child abuse investigations; and much more. By working hard to conceal the identity of the perpetrator, CHH preserved the "good feeling" of its image created by its massive advertising so it was not known outside the walls of Cabell Huntington Hospital that this horrific act of child abuse as alleged in the Amended Complaint [DOC 69] occurred and it occurred by someone acting before the very eyes of its expensive 315 camera closed-circuit television system. Then, CHH failed to investigate to find out who committed this horrific act or to preserve the evidence of how the breach of its own security occurred. Instead, it intentionally destroyed the evidence that was installed for the purpose of providing a safe premise.

Now, some 42 months after this horrific child abuse occurred, Defendant willfully violates the Court's Scheduling Order by disclosing a completely new expert witness whose "report", or so it was referred, was received by email or regular mail the week of February 15[1].

The salient point in this tardy expert witness disclosure is that notwithstanding the mountains of medical records, medical treater depositions, expert medical witness depositions and expert witness disclosure, Dr. Kaplan failed or refused to read that material or otherwise

---

[1] It is understandable there was some delay in producing the disclosure itself after the e-filed Certificate of Service on February 10, 2021 because of the extraordinary horrific weather conditions. But Defendant seems to make it a habit not to provide an email copy of the document when the Certificate of Service is e-filed.

consider and produce the requisite expert witness report signed by him. Federal Rules of Civil Procedure 26(a)(2)(B).

Dr. Kaplan offers no opinion, no factual basis for his opinion, no list of cases, of which we know are many, no listing of materials reviewed, but he made his fee requirements clear, especially that the plaintiff would need to pay $3,000.00 to depose him at his own office, even though he has yet to offer any opinion.

This Honorable Court in the now governing Amended Scheduling Order of June 11, 2020, and the Second Amended Scheduling Order of December 22, 2020, fixed the date for defense expert witness disclosures as November 16, 2020.

It is possible that a scheduling order might be modified according to the clear provisions of Rule 16 of the Federal Rules of Civil Procedure 16(b)(4) which provides in pertinent part:

> (4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Defendant never sought nor obtained this Court's consent to unilaterally modify the Scheduling Order and Plaintiff objects to this attempted modification because there is no good cause demonstrated or even an attempt to explain why the disclosure is so tardy and so incomplete.

Accordingly, Dr. Kaplan should be excluded and this expert witness disclosure stricken.

                Respectfully submitted.

                RONALD CUNAGIN, as father
                <u>and Next friend of J.C., an infant</u>
                By Counsel

/s/ *Guy R. Bucci*
Guy R. Bucci, Esquire (WVSB #0521)
Raj A. Shah, Esquire (WVSB #11269)

Ashley N. Lynch (WVSB #11714)
HENDRICKSON & LONG, PLLC
P. O. Box 11070
Charleston, WV 25339
(304) 346-5500

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

RONALD CUNAGIN, as father and
Next friend of J.C., an infant,

    Plaintiff,

v.                                   Civil Action No. 3:19-cv-0250

CABELL HUNTINGTON HOSPITAL, INC.
A West Virginia corporation,

    Defendant.

**CERTIFICATE OF SERVICE**

I, Guy R. Bucci, do hereby certify that the foregoing PLAINTIFF'S MOTION TO EXCLUDE OR STRIKE DEFENDANT'S PUTATIVE EXPERT WITNESS RICHARD S. KAPLAN, M.D. has been served on all counsel of record by ECF, a true and exact copy thereof, on this the 26th day of February, 2021, as follows:

    Thomas Craig, Esquire
    Rebecca C. Brown, Esquire
    Ralph J. Hagy, Esquire
    Ryan Q. Ashworth, Esquire
    BAILES, CRAIG, YON & SELLARDS, PLLC
    P. O. Box 1926
    Huntington, West Virginia 25720-1926

/s/ *Guy R. Bucci*

Guy R. Bucci, Esquire (WVSB #0521)
Raj A. Shah, Esquire (WVSB #11269)
Ashley N. Lynch (WVSB #11714)
HENDRICKSON & LONG, PLLC
P. O. Box 11070
Charleston, WV 25339
(304) 346-5500

5