## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

RONALD CUNAGIN, as father and
next friend of J.C., an infant,

      Plaintiff,

v.            CIVIL ACTION NO.  3:19-0250

CABELL HUNTINGTON HOSPITAL, INC.,
a West Virginia corporation,

      Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are the following three motions filed by Plaintiff Ronald Cunagin: (1) Motion for Leave, if Necessary to File Follow Up or Supplement Expert Witness Disclosure (ECF No. 128), (2) Plaintiff's Motion to Exclude or Strike Defendant's Putative Expert Witness Richard S. Kaplan, M.D. (ECF No. 144), and (3) Plaintiff's Motion for Limited Reopening of Discovery and in Support of Rule 56(d) Motion for Leave to File a Supplemental Response to Defendant's Motion for Summary Judgment. ECF No. 173. For the following reasons, the Court **GRANTS** all three motions.

This action was brought by Plaintiff on behalf of his son, J.C., whom Plaintiff claims sustained intentional injuries while J.C. was a patient in either the Neonatal Intensive Care Unit (NICU) or the Neonatal Therapeutic Unit (NTU) at Defendant Cabell Huntington Hospital, Inc. (Defendant CHH). In support of the claim, Plaintiff timely disclosed Richard G. Bowman, M.D., as a physical, medical, and rehabilitation disability expert. Dr. Bowman conducted an

evaluation on September 12, 2019, and provided his first report on January 28, 2020. On November 30, 2020, Dr. Bowman reevaluated J.C. and provided Plaintiff's counsel a copy of his second report on December 1, 2020. Unfortunately, when Plaintiff's counsel received the second report, there was a COVID-19 outbreak at counsel's law office, with four positive cases and one attorney being hospitalized. As the office had to close and some staff members were quarantined, counsel admits that Dr. Bowman's second report "fell through the cracks," and was not served upon Defendant before Dr. Bowman's scheduled deposition on January 8, 2021. When defense counsel realized at the deposition there was a second report, he declined to proceed with the deposition and stated he intended to move the Court to strike Dr. Bowman's opinions in his second report for being untimely disclosed.

Three days after Dr. Bowman's scheduled deposition, Plaintiff filed his Motion for Leave, if Necessary to File Follow Up or Supplement Expert Witness Disclosure. Plaintiff argues Dr. Bowman's second report is not untimely because it merely supplements the first report and is governed by Rule 26(e) of the Federal Rules of Civil Procedure. Nevertheless, he filed the motion out of an abundance of caution in the event the Court would find it was untimely disclosed. Defendant CHH disagrees with Plaintiff's assertion and opposes the motion.

In its Response, Defendant CHH argues it intended to challenge Dr. Bowman's opinions in his first report pursuant to *Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993), and it did not believe it was necessary to have a competing Independent Medical Examination (IME) based upon the first report. However, Defendant CHH states that the second report contains new information and new bases for Dr. Bowman's opinions. Therefore, Defendant

-2-

CHH argues the second report should be struck and Dr. Bowman's new opinions excluded as improperly disclosed or, in the alternative, the Scheduling Order should be amended to give Defendant CHH sufficient time to retain an expert to perform an IME and prepare a report.

Three days after filing its Response and before Plaintiff filed his Reply, Defendant CHH filed a Petition for Writ of Mandamus and a Motion for Stay of this Court's Proceedings with the Fourth Circuit Court of Appeals on a different issue ruled upon by the Court.[1] On March 25, 2021, the Fourth Circuit denied Defendant CHH's motion for mandamus and for a stay of the proceedings. In the meantime, the parties continued to litigate in this Court and, on February 10, 2021, Defendant CHH disclosed for the first time that it intended to call Richard C. Kaplan, M.D., as an expert witness to conduct an IME of J.C.

Plaintiff then filed his Motion to Exclude or Strike Dr. Kaplan as a witness because he was not timely disclosed under the Amended Scheduling Order, which set an expert disclosure deadline for Defendant CHH of November 16, 2020, and an expert rebuttal deadline of November 30, 2020. *Am. Sched. Order*, at ¶3 (June 11, 2020), ECF No. 75.[2] In addition, Plaintiff asserts that,

---

[1] Defendant CHH sought the mandamus because it disagreed with this Court's Memorandum Opinion and Order entered on October 22, 2020, which held, in part, that the West Virginia Medical Professional Liability Act did not apply to Plaintiff's claim. *See Cunagin v. Cabell Huntington Hosp.*, No. 3:19-0250, 2020 WL 6216830 (S.D. W. Va. Oct. 22, 2020).

[2]Paragraph 3 provides:

> Expert Witnesses:   The party bearing the burden of proof on an issue shall make the disclosures of information required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 1, 2020**. The party not bearing the burden of proof on an issue shall make the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) for that issue to all other

in any event, the disclosure is inadequate as it merely provides him with Dr. Kaplan's name, his CV, and his fee schedule. Plaintiff contends he was not provided with any of Dr. Kaplan's opinions, the basis for his opinions, a list of material reviewed, or a list his cases.

Upon consideration, the Court initially finds that Dr. Bowman's second report is merely a supplement to his first report and permitted under Rule 26(e)(2). [3] This provision expressly provides that disclosure of a supplemental expert report must be completed by the time pretrial disclosures are due under Rule 26(a)(3). In this case, the deadline for Rule 26(a)(3) disclosures is June 28, 2021. *Sec. Am. Sched. Order*, at ¶3, (Dec. 22, 2018), ECF No. 118. Thus, the supplemental report was timely disclosed. Although Plaintiff admits it failed to provide Defendant CHH a copy of the supplemental report by the time Dr. Bowman's deposition was set, the Court finds the failure was inadvertent due to the COVID-19 outbreak at counsel's law office. Moreover, once the oversight was realized, Plaintiff represents that he offered to reschedule the

---

> parties or their counsel no later than **November 16, 2020**. All parties shall provide the disclosures required by *Fed. R. Civ. P.* 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under *Fed. R. Civ. P.* 26(a)(2)(B), no later than **November 30, 2020**.

*Id*. (emphasis original).

[3]Rule 26(e)(2) states:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. Rule 26(e)(2).

deposition as the deposition deadline was not until March 26, 2021, which was over two months away. However, Plaintiff maintains Defendant CHH rejected his offer and declined to depose Dr. Bowman.

Additionally, the Court finds a supplemental report, such as Dr. Bowman's, are fairly common occurrences and should not have come as any surprise. In fact, it should have been expected. In this case, J.C. was alleged to have suffered significant injuries with, inter alia, right radical nerve palsy. Dr. Bowman's first evaluated J.C. on September 12, 2019, and completed his report on January 28, 2020. At the time, J.C. was about 26 months old. Given how quickly a young child grows and how his condition may or may not have changed over time, it is completely understandable—and should have been foreseeable to Defendant CHH—that Plaintiff's counsel would request his expert to complete an updated evaluation and report as the trial drew closer. Indeed, as Plaintiff indicated, if his expert had not reevaluated J.C. and updated the report for nearly two years before trial, it would have been a prime target for attack by Defendant CHH. Although the Court finds Plaintiff's motion to supplement his expert's disclosure is unnecessary as it was permitted under Rule 26, the Court nevertheless **GRANTS** the motion to make it clear that the supplemental disclosure of Dr. Bowman's report is allowed.

Turning next to Plaintiff's motion to strike Defendant CHH's disclosure of Dr. Kaplan as an expert, the Court again agrees with Plaintiff. In this case, Defendant CHH admits that it made an affirmative, tactical decision not to disclose an expert who would offer a competing IME based upon Dr. Bowman's initial report. Given Dr. Bowman's supplemental report,

Defendant requests that, if the supplemental report is allowed, it also be permitted to disclose Dr. Kaplan as an expert witness. However, the Court finds these circumstances are very different.

Here, Plaintiff provided a supplemental report of an already timely disclosed expert witness. On the other hand, Defendant CHH is attempting to disclose an entirely new expert witness months beyond the expert disclosure deadline and over two months after it learned of Dr. Bowman's supplemental report. For the reasons stated above, the Court puts no weight on Defendant CHH's claim it was surprised that Dr. Bowman reevaluated J.C. and wrote a supplemental report. The possibility of such occurrence should have been obvious. The fact Defendant CHH apparently did not anticipate the very real likelihood of a revised report does not justify allowing it to disclose an expert so long after the disclosure deadline. Nor is such a late disclosure harmless to Plaintiff at this late stage. *See* Fed.R.Civ.P. 37(c)(1) (providing, in part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"). Therefore, the Court **GRANTS** Plaintiff's Motion to Exclude or Strike Defendant's Putative Expert Witness Richard S. Kaplan, M.D.

Plaintiff's third motion is for a limited reopening of discovery to produce documents and depose Paul Smith, who was General Counsel for Defendant.[4] The general purpose of the motion is to obtain information about whether there was video surveillance of the NICU and

---

[4]Mr. Smith recently was named Chief Executive Officer for Mountain Health Network and President of CHH and St. Mary's Medical Center.

NTU; to get further information and an explanation about Defendant's video review and retention policies; and to learn more about what, if any, investigation Defendant undertook to determine the cause of J.C.'s injuries. These issues just recently arose following the deposition of Deanna Parsons, the Director of Risk Management, who purportedly investigated the cause. Although Ms. Parsons's deposition was noticed before the discovery deadline, the deposition did not occur until after the deadline because Defendant CHH had moved for a Protective Order to prevent it. The Magistrate Judge denied a blanket protective order and held that Plaintiff could depose Ms. Parsons about "the nature of her job duties, whether CHH's privilege and work produce claims pertaining to her investigation have a valid factual basis, and whether Ms. Parsons has knowledge in her position as risk manager that is relevant to Plaintiff's claims and is not privileged." *Cunagin v. Cabell Huntington Hosp.*, No. 3:19-0250, 2021 WL 1518877, at *6 (Apr. 16, 2021), ECF No. 162.

On May 3, 2021, Plaintiff deposed Ms. Parsons. According to Plaintiff, Ms. Parsons's deposition testimony revealed material conflicts with Defendant CHH's previous representations about her role in the investigation and video surveillance of the NTU. Plaintiff argues these inconsistencies establish good cause for supplemental discovery to further investigate these inconsistencies by requiring Defendant CHH to produce additional documents and make Mr. Smith, who was over Ms. Parsons, available to be deposed.

In its Response, Defendant CHH makes no substantive arguments as to why Plaintiff's motion should not be granted.[5] Instead, Defendant CHH states that, if the Court finds

---

[5]Defendant CHH only suggests Plaintiff could have asked to take Ms. Parsons's deposition at an earlier point of discovery. However, the deposition was noticed to occur on March 17, 2021, before the discovery deadline. It was delayed until May 3 because Defendant sought a protective

additional discovery is necessary before resolving summary judgment, it "does not object to reopening the discovery herein but [it] should also be permitted the ability to conduct an IME of the infant Plaintiff and disclose an expert to testify regarding such IME. Defendant [further said it] will go so far as to offer Mr. Smith's testimony on non-privileged matters if discovery is reopened for both limited reasons." *Def., Cabell Huntington Hosp., Inc.'s Resp. to Pl.'s Mot. for Leave to Reopen Ltd. Disc.*, at 2, ECF No. 181. Defendant CHH then proceeds to devote the remainder of its Response to reiterating its arguments about why it should be permitted to disclose an expert to conduct an IME to counter Dr. Bowman's supplemental report. For the reasons stated above, the Court rejects Defendant CHH's argument for late disclosure. Additionally, the Court finds the inconsistencies represented by Plaintiff in his motion are sufficient to reopen discovery for the limited purpose of investigating those inconsistencies and deposing Mr. Smith. Therefore, the Court **GRANTS** Plaintiff's motion. In doing so, the Court is not precluding Defendant CHH from objecting during Mr. Smith's deposition to questions it believes are beyond the scope of the limited discovery, subject to attorney-client privilege, work product production, or the privilege for peer review/quality assurance.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave, if Necessary to File Follow Up or Supplement Expert Witness Disclosure (ECF No. 128), Plaintiff's Motion to Exclude or Strike Defendant's Putative Expert Witness Richard S. Kaplan, M.D. (ECF No. 144), and Plaintiff's Motion for Limited Reopening of Discovery and in Support of Rule 56(d) Motion for Leave to File a Supplemental Response to Defendant's Motion for Summary Judgment. ECF No. 173. The Court further **DIRECTS** Defendant CHH to make Mr.

order.

Smith available for deposition at a time convenient for both parties **on or before Friday, June 25, 2021**. Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment **shall be due no later than three business days following Mr. Smith's deposition**. If Defendant CHH chooses to file a Supplemental Reply, **it shall be due no later than three business days after Plaintiff's Supplemental Response is filed.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        June 10, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE